**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RICKY DARNELL HAMMONDS, | No. 08-17453 |
| Plaintiff - Appellant, | D.C. No. 2:06-CV-02397-CMK |
| v. | |
| M. MARTEL, Warden, CSP - New Folsom; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding[**]

Submitted December 15, 2009[***]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Ricky Darnell Hammonds appeals pro se from the district court's summary

judgment in favor of the defendants in his 42 U.S.C. § 1983 action alleging

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to the jurisdiction of the magistrate judge.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deliberate indifference to his safety. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment on the ground of qualified immunity. *Jackson v. City of Bremerton*, 268 F.3d 646, 650 (9th Cir. 2001). We affirm.

Hammonds' claims against defendants Vanderostyne and Kim are based solely on allegations that they did not provide the Institution Classification Committee ("ICC")—defendants Martel, Vance, Dunlap, and Vasquez—with information about his paranoia or problems. However, the record indicates that the ICC was aware of and considered his mental health state. As to defendants Martel, Vance, Dunlap, and Vasquez, Hammonds failed to raise a genuine issue of material fact as to whether a reasonable official under the circumstances, after considering "all pertinent information," would have inferred that placing him in a double-cell posed a substantial risk of serious harm. *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1050–52 (9th Cir. 2002). Finally, the ICC did consider, among other things, Hammonds' mental health in determining whether he should be double-celled, and to the extent further mental evaluation would have been appropriate, such failure was, at best, negligence and "'cannot be condemned as the infliction of punishment.'" *Id.* at 1052 (*citing Farmer v. Brennan*, 511 U.S. 825, 938 (1994)). Therefore, Hammonds failed to establish a violation of the Eighth Amendment.

Moreover, viewing the evidence in the light most favorable to Hammonds, we hold that a reasonable prison official would not have known that Hammonds' mental health history posed a "risk of serious harm [that] was so high" that placing him in a double-cell violated clearly established constitutional rights. *Id.* at 1051.

Thus, the district court properly granted summary judgment for defendants on the ground of qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201–02 (2001).

**AFFIRMED.**